**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO RIVERA-GOMEZ, | No. 12-70147 |
| Petitioner, | |
| v. | Agency No. A079-156-166 |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted August 4, 2014
Pasadena, California

Before: REINHARDT, WARDLAW, and CALLAHAN, Circuit Judges.

Ricardo Rivera-Gomez ("Rivera"), a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ") denial of his motion to reopen, and denying a second motion to reopen filed before the BIA. We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition and remand.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The BIA abused its discretion by concluding that Rivera's newly-produced evidence describing recent attacks against his family by the Mara 18 and the 2009 military coup in Honduras was not "qualitatively different" from the evidence that Rivera could have presented at his previous hearing in 2003. *See Najmabadi v. Holder*, 597 F.3d 983, 987 (9th Cir. 2010). Although the gang killed Rivera's brother in 2001, the recent rape of and attack on his sister and death threats to his sister-in-law and niece clarify the reason why the gang has pursued Rivera. Contrary to the IJ's and government's position, Rivera's persecution is not because he won a soccer game. Mara 18 has hunted him and his family for the past ten years because Rivera's refusal to join the gang and his family's escape from Honduras "hurt the Mara 18 by taking [Rivera] away." Additionally, it was not until 2010 that Rivera learned that he and his family were on the gang's countrywide hit list. This evidence was not available in 2003, and it constitutes changed circumstances materially affecting Rivera's eligibility for asylum. *See Malty v. Ashcroft*, 381 F.3d 942, 946 (9th Cir. 2004).

Furthermore, the 2009 military coup has substantially increased the levels of gang violence in Honduras. According to one of Rivera's experts, "The military coup d'etat . . . represent[s] the most serious setback[] for human rights and the rule of law in Honduras since the height of political violence in the 1980s."

Indeed, another one of his experts concluded that, "There are no functional state institutions that can provide Mr. Rivera Gomez the protection necessary to survive the gang retaliation for his opposition to gang culture." The BIA's opinion does not discuss any of the evidence describing changed country conditions. It does not even make mention of the highly significant 2009 military coup. This failure to consider the evidence presented was an abuse of discretion. *See Ali v. Holder*, 637 F.3d 1025, 1031 (9th Cir. 2011).

Even if we assume that the BIA alternatively concluded that Rivera failed to establish his prima facie eligibility for relief, recent decisions by the BIA and our circuit concerning the test for social group membership warrant remanding this petition for reconsideration. *See, e.g.*, *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014); *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014); *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).[1]

We **GRANT** the petition and **REMAND** with instructions to reopen Rivera's proceedings and evaluate his claims on the merits.

---

[1]We express no view as to whether Rivera is actually eligible for relief under the developing standards articulated in the recent decisions referenced above.